UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NIGEL NICHOLAS DOUGLAS, :
   Plaintiff :
:
   vs. : CIVIL NO. 1:11-CV-2075
:
:
WARDEN R. MARTINEZ, *et al.*, :
   Defendants :
:
:
:
:

*M E M O R A N D U M*

*I.*     *Introduction*

We are considering a motion to dismiss, or, in the alternative, for summary judgment filed by Defendants Rod Joseph, Don Machamer, and Ricardo Martinez. This matter relates to the alleged confiscation of Plaintiff's paintings and art supplies while housed at the United States Penitentiary at Allenwood ("USP Allenwood"). Plaintiff filed the instant action, alleging violation of his Fourteenth Amendment right to due process.

*II.*     *Background*

The following facts are set forth in Plaintiff's complaint and are taken as true, as they must be when considering a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). On June 2, 2010, Plaintiff moved from his cell to the Special Housing Unit (SHU) at USP Allenwood. On July 9, 2010, Plaintiff was

given his property by Officer Tripp, but this did not include a number of paintings and art supplies that were in his cell. Plaintiff learned that this property was given to Recreation Specialist Joseph instead of being inventoried and sent to the SHU. Plaintiff wrote to Joseph on two occasions, requesting that his property be given to him in the SHU. During July or August 2010, Joseph visited Plaintiff in the SHU and explained that his property was "safe at Rec and if Plaintiff got transferred they would be packed." (Doc. 1, at 5). On September 23, 2010, Plaintiff was transferred to USP Victorville. On October 1, 2010, Plaintiff received property from Officers Lopez and Kaawaloa, but his paintings and art supplies were not included.

Plaintiff attempted to informally resolve the situation by contacting the Recreation Specialist at USP Victorville, Mr. Honiss. Mr. Honiss "askd [sic] that Plaintiff give him a month to contact Allenwood to make whatever arrangements he could for the property to be sent to Victorville at plaintiff's expense." (Doc. 1, at 6). Plaintiff also spoke with a Unit Counselor, Mr. Prieto, about his missing property. Mr. Prieto told Plaintiff that he would email officials at USP Allenwood and let Plaintiff know if there was a response. On December 8, 2010, Plaintiff filed an informal grievance. On January 4, 2011, the grievance was returned to him, and he filed a formal grievance.

In support of their motion for summary judgment, Defendants set forth the following facts. On January 4, 2011, Plaintiff filed administrative remedy 620970-F1 at USP Victorville, alleging the loss of his personal property on September 20, 2010. This attempt was rejected as untimely. Plaintiff appealed, but the appeal was filed after the

2

permitted time period, and it was also rejected as untimely.  On February 22, 2011, Plaintiff filed a second administrative remedy, 620970-R1, with the regional director's office.  On March 1, 2011, this was rejected as being untimely.  On March 23, 2011, Plaintiff filed a third administrative remedy, 620970-A1, with the Central Office at USP Allenwood.  On April 1, 2011, the Central Office rejected the remedy as untimely.

*III.*		*Discussion*

　　*A.  Standard of Review*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556).  "[L]abels and conclusions" are not enough, and a court "'is not bound to accept as true a legal

conclusion couched as a factual allegation. Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

We will examine the motion for summary judgment under the well-established standard. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008). We "must view all evidence and draw all inferences in the light most favorable to the non-moving party, and may affirm a grant of summary judgment only if no reasonable juror could find for the non-movant." Id.

### C. Exhaustion of Claims[1]

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all available administrative remedies prior to bringing an action "with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C.

---

[1] Plaintiff's complaint references a claim brought pursuant to the Federal Tort Claims Act ("FTCA"). On March 24, 2011, Plaintiff filed an administrative tort claim alleging that he was missing paintings and art supplies. On April 5, 2011, the claim was rejected because it was submitted on the wrong form. On May 10, 2011, Plaintiff submitted his claim on the correct form. On November 4, 2011, Plaintiff's claim was denied by the Northeast Regional Office. Plaintiff's opposition brief explains that his complaint does not bring an action under the FTCA. (Doc. 36, at 6). Thus, we will not consider Plaintiff's FTCA claim.

4

1983), or any other Federal law." 42 U.S.C. § 1997e(a). Defendants seek summary judgment, arguing that Plaintiff failed to properly exhaust the available administrative remedies prior to initiating this action. They argue that because Plaintiff did not file an administrative remedy until January 4, 2011, over three months after he discovered his property was missing, he did not comply with the PLRA requirements. "Failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant." Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

Defendants assert that the administrative remedy procedure used at USP Victorville is set forth in 28 C.F.R. § 542.10. This section provides: "The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). An extension in filing time may be granted where an inmate presents a "valid reason for delay." 28 C.F.R. § 542.14(b). "[A]n unusually long period taken for informal resolution attempts" may be considered a "valid reason for delay." 28 C.F.R. § 542.14(b). However, "any delays that may be caused by an informal investigation present no barrier to timely pursuing a formal administrative grievance." Terrell v. Benfer, 429 Fed. Appx. 74, 77 n. 5 (3d Cir. 2011) (nonprecedential). Because Plaintiff did not submit his grievance within twenty days, Defendants contend that he did not properly exhaust his administrative remedies.

Plaintiff first argues that he exhausted all administrative remedies, because he filed grievances and appealed them to the Central Office. However, because his grievances were rejected as untimely, he did not *properly* exhaust all administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (requiring "*proper* exhaustion of administrative remedies").

Alternatively, Plaintiff contends that the administrative remedies were unavailable to him. He asserts that the recreation specialist at USP Victorville, Mr. Honiss, told him that he needed a month to attempt to make arrangements to have the property transported. (Doc. 35, ¶ 15). Plaintiff also alleges that he spoke to Unit Counselor Prieto about his missing property. (Id. at ¶ 18). Mr. Prieto promised to contact USP Allenwood and get back to Plaintiff. (Id.) On or about November 16, 2010, Mr. Honiss told Plaintiff that he would send another email to USP Allenwood, and if he received no response, then Plaintiff should file his paperwork. (Id. at ¶ 21). On December 8, 2010, Mr. Honiss told Plaintiff he had not received a response from USP Allenwood, and Plaintiff should submit his paperwork. (Id. at ¶ 25). On December 8, 2010, Plaintiff contends that he submitted a written informal complaint on form BP-8. (Id. at ¶ 26). On January 3, 2011, Plaintiff alleges he received no response to his informal complaint and filed a formal grievance on form BP-9.

Although prisoners are required to exhaust available administrative remedies, such remedies "may be found to be unavailable where a prisoner is prevented by prison authorities from pursuing the prison grievance process." Oliver v. Moore, 145

Fed. App'x 731, 735 (3d Cir. 2005) (nonprecedential). In Brown v. Croak, the Third Circuit found that the government failed to meet its burden to show an inmate failed to exhaust his administrative remedies when he informally complained to prison staff and was erroneously told that he must wait until an investigation was complete before filing a formal grievance. 312 F.3d 109, 111-12 (3d Cir. 2002). Because he was never informed that the investigation was complete, the administrative remedy process was not available to the inmate. See id. The facts in Brown differ from those in the present case. Plaintiff does not allege that any prison official misled him to believe that the he must wait until the conclusion of his informal attempts to resolve the matter were concluded before filing a grievance. Additionally, Plaintiff contends that his informal attempts to resolve his complaint ended on December 8, 2010, when he was instructed by Mr. Honiss to file his paperwork. The inmate in Brown was never informed that the investigation was completed and he may file his grievance.

Thus, even assuming Plaintiff was not instructed to file a formal grievance until December 8, 2010, he still failed to properly exhaust his remedies. The deadline for completion of informal resolution *and submission of a formal written Administrative Remedy Request*, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a) (emphasis added). Plaintiff failed to file his BP-9 formal grievance until January 3, 2011.[2] Because this is

---

[2] Plaintiff argues that he waited to file his BP-9 form because Defendants failed to respond to his BP-8 informal grievance, filed on December 8, 2010. Even if he did not receive a response to his grievance, 28 C.F.R. § 542.18 provides that "[i]f the

more then twenty days after he asserts the administrative remedy process became available to him, his request was untimely and he failed to properly comply with the requirements of the PLRA.

*IV.*     *Conclusion*

For the reasons set forth above, Defendants' motion for summary judgment will be granted.

We will issue an appropriate order.

           <u>/s/William W. Caldwell</u>
           William W. Caldwell
           United States District Judge

---

inmate does not receive a response within [20 days], the inmate may consider the absence of a response to be a denial at that level."

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NIGEL NICHOLAS DOUGLAS, :
    Plaintiff :
 :
    vs. : CIVIL NO. 1:11-CV-2075
 :
 :
WARDEN R. MARTINEZ, *et al.*, :
    Defendants :
 :
 :

*O R D E R*

AND NOW, this 14th day of March, 2013, upon consideration of Defendants' motion for summary judgment (doc. 21) and Plaintiff's response thereto, and pursuant to the accompanying memorandum, it is ORDERED that:

    1. Defendants' motion for summary judgment (doc. 21) is GRANTED.

    2. The Clerk of Court shall enter judgment in favor of Defendants and against the Plaintiff.

    3. Plaintiff's motion to compel discovery (doc. 39) is DENIED as MOOT.

    4. The Clerk of Court shall close this file.

                      /s/William W. Caldwell
                        William W. Caldwell
                        United States District Judge